UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| E Z ACES GAMING INC | CASE NO. 2:21-CV-01250 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| PENN-AMERICA INSURANCE CO | MAGISTRATE JUDGE KAY |

### MEMORANDUM ORDER

Before the Court is Plaintiff's Motion in Limine to Exclude and/or Limit the Testimony of Defendant's Designated Experts (Doc. 22), wherein Plaintiff, E.Z. Aces Gaming, Inc. d/b/a E.Z. Aces Casino ("E.Z. Aces") moves this Court to exclude and/or limit the testimony of Defendant's, Penn-America Insurance Company's ("Penn-America"), designated expert witnesses Kevin Hromas, Drew Riley, and Lynn Mitchell because each witness fails to satisfy the prerequisites of qualification and reliability set forth in Federal Rule of Evidence 702 and *Daubert*. Penn-America opposes the motion. Doc. 31. E.Z. Aces has replied. Doc. 32.

### I. BACKGROUND

This diversity action comes about from damage caused to E.Z. Aces's property by Hurricane Laura on or about August 27, 2020. Doc. 1. The property subject of the suit is located at 1825 lH-10, Lake Charles, LA 70601 and was insured by Penn-America under Policy No. PAV0260489, which was in full force and effect on August 27, 2020. *Id.* E.Z. Aces was located inside King's Palace Truck Stop and did not own the building but did own the contents of the casino including 38 video poker gaming devices that were damaged

by Hurricane Laura when the roof of the casino was blown apart and wind-driven and falling rain entered the casino. Doc. 22-1. Sometime after the hurricane, Penn-America inspected E.Z. Aces's property and E.Z. Aces provided Penn-America with a proof of claim. Doc. 1. On January 28, 2021, E.Z. Aces sent a demand letter to Penn-America. *Id.* On March 19, 2021, Penn-America retained an electrical engineer, who conducted a second inspection of E.Z. Aces's property. *Id.* In July 2021, Penn-Station paid E.Z. Aces its full policy limits, which covered the 38 damaged video poker gaming devices. Doc. 22. On May 11, 2021, E.Z. Aces launched the underlying suit for claims of damages due to bad faith pursuant to Louisiana Revised Statutes sections 22:1892 and 22:1973. Doc. 1.

E.Z. Aces now moves the Court to exclude testimony of three Penn-America proposed expert witnesses. *Id.* The case is set for trial on April 10, 2023. Doc. 29.

## II. LEGAL STANDARD

### A. Motion in Limine

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. FED. R. EVID. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing

*Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge . . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

### B. Rule 702 and *Daubert*

"Trial courts have 'wide discretion' in deciding whether or not a particular witness qualifies as an expert under the Federal Rules of Evidence." *See Hidden Oaks Limited v. City of Austin*, 138 F.3d 1036, 1050 (5th Cir. 1998). A plaintiff must establish the admissibility of the testimony under Article 702 of the Federal Rules of Evidence. The party seeking to offer opinion testimony has the burden to "demonstrate that the expert's findings and conclusions are based on the scientific method, and therefore, are reliable." *See Turner v. Brunk*, 2016 WL 11190298 (M.D. La. Dec. 6, 2016), *quoting Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 276 (5th Cir. 1998). Federal Rule of Evidence 702 permits:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> a. the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> b. the testimony is based on sufficient facts or data;
>
> c. the testimony is the product of reliable principles and methods; and
>
> d. the expert has reliable applied the principles and methods to the facts of the case.

The trial court serves as gatekeeper in determining the admissibility of expert testimony, by making an initial determination of whether the expert's opinion is relevant and reliable. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). This gatekeeping function extends to all expert testimony, whether scientific or not. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Accordingly, Federal Rule of Evidence 702 provides that the court must consider the following three requirements on challenges to experts: 1) qualifications of the expert witness; 2) relevance of the proposed testimony; and 3) reliability of the principles and methodology on which the testimony is based.[1] The proponent of the expert testimony bears the burden of proving its admissibility,

---

[1] The *Daubert* Court identified several additional factors for assessing whether the expert's methodology is valid and reliable, including whether the expert's theory had been tested and subjected to peer review, the known or potential error rate for the expert's theory or technique, the existence and maintenance of standards and controls, and the degree to which the technique or theory has been generally accepted in the scientific community. *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 275 (5th Cir. 1998). However, the same standards cannot be applied to all possible fields of expertise. Accordingly, the *Daubert* analysis is necessarily flexible and fact-specific. *Kumho*, 526 U.S. at 150.

by a preponderance of the evidence. *Mathis v. Exxon Corp.*, 302 F.3d 448, 459–60 (5th Cir. 2002).

The trial court has broad latitude in determining the admissibility of expert testimony. *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004). Rejection of expert testimony is the exception rather than the rule, and the court's role as gatekeeper "does not replace the traditional adversary system and the place of the jury within the system." *Johnson v. Samsung Electronics Am., Inc.*, 277 F.R.D. 161, 165 (E.D. La. 2011); *Scordill v. Louisville Ladder Grp., LLC*, 2003 WL 22427981, at *3 (E.D. La. Oct. 24, 2003). Instead, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Scordill*, 2003 WL 22427981, at *3 (quoting *Daubert*, 509 U.S. at 596).

### III. <u>LAW & ANALYSIS</u>

E.Z. Aces asks the Court to exclude or limit testimony of Kevin Hromas, Drew Riley, and Lynn Mitchel. Doc. 22-1. The Court will address each in turn.

**A. Mr. Hromas**

Mr. Hromas is being offered as an expert in insurance litigation in the areas of claims handling, bad faith, damage analysis/quantification and adjusting procedures. Doc. 31-1. He also holds a Juris Doctor. *Id.* E.Z. Aces claims that Mr. Hromas's opinions are so broad as to encompass legal opinions and must be excluded. *Id.* Specifically, E.Z. Aces argues that the following four aspects of Mr. Hromas's expected testimony are essentially legal

conclusions: (1) Mr. Hromas will testy as to the reasonableness of Penn America's claim handling; (2) the reasonableness of the E.Z. Aces's assertions regarding Penn America's actions; (3) the lack of factual support for alleged violations of Louisiana Insurance Code or Louisiana law; and (4) Plaintiff's failure to take required affirmative actions to mitigate damages. Doc. 22-3.

Federal Rule 704(a) does not permit a witness to give legal conclusions. *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983). Mr. Hromas's report, however, is replete with them. For example, Mr. Hromas's Rule 26 Report states:

> 2. The subject matter upon which [Mr. Hromas] will testify is as follows:
>
>    a. The scope and reasonableness of Penn-America Insurance Company's claim handling during the investigation and continuing efforts in the resolution of the claim as found within the generally accepted insurance industry standards and guidelines, and,
>
>    b. The reasonableness of the assertions by the Plaintiff that the actions by Penn-America gave rise to violations of the Louisiana Insurance Code and are thus subject to extra-contractual penalties, and
>
>    c. The lack of factual support for Plaintiff's assertions that Penn-America violated the Louisiana Insurance Code or any other duties owed to the Plaintiff under Louisiana law, and
>
>    d. The failure to take the required affirmative actions to mitigate the damages on the part of the Insured substantially increased the amount of loss and was directly responsible for any consequential damages sustained by the Insured.

Doc. 22-3. Additionally, the report's summary states: "Under no circumstances did Penn-America Insurance engage in actions that would be considered as bad faith or non-compliance with statutory requirements." Doc. 22-3. These are impermissible legal conclusions and are inappropriate. *See Owen*, 698 F.2d at 240. Specifically, the issue of

whether the actions of any party constitute bad faith will be determined by the jury based on the facts and evidence offered at trial. *See Daubert*, 509 U.S. at 589; *Guy*, 394 F.3d at 325. Therefore, Mr. Hromas's opinions are stricken, and he will not be allowed to testify.

### B. Mr. Riley

Mr. Riley is an electrical/mechanical consultant employed by Forcon International. Doc. 22-5. E.Z. Aces anticipates that Mr. Riley will be used as a "hybrid" expert and objects because Mr. Riley has not met the requirements of Rule 26. Doc. 22-1. Also, E.Z. Aces argues Mr. Riley will offer testimony that has no relationship to the subject matter of the suit independent of the litigation itself. *Id.* By contrast, Penn America argues that Mr. Riley does not have to meet Rule 26 because he is merely a fact witness, not retained or specially employed to provide expert testimony in the case. Doc. 31.

#### *1. Opinion Testimony by Expert Witnesses*

Expert witnesses who are "retained or specially employed to provide expert testimony" must submit written reports. FED. R. CIV. P. 26(a)(2)(B). Witnesses that do not qualify as experts are considered lay witnesses under Federal Rule of Evidence 701. Rule 701 was amended in 2000, forbidding lay witnesses from offering opinions "based on scientific, technical, or other specialized knowledge." FED. R. EVID. 701, Advisory Committee Notes to 2000 Amendments. The purpose of this amendment was "to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." *Id.* Thus, "any part of a witness's opinion that rests on scientific, technical, or specialized knowledge must be

determined by reference to Rule 702, not Rule 701." *United States v. Yanez Sosa*, 513 F.3d 194, 200 (5th Cir. 2008) (*United States v. Garcia*, 413 F.3d 201, 215 (2d Cir.2005)). Proper classification of expert opinion ensures that "a party will not evade the expert witness disclosure requirements by simply calling an expert witness in the guise of a layperson." FED. R. EVID. 701, Advisory Committee Notes to 2000 Amendments. The litmus test to determine if opinion testimony rests on scientific, technical, or other specialized knowledge is "whether the testimony falls within the realm of knowledge of the average lay person." *United States v. Caldwell*, 586 F.3d 338, 348 (5th Cir.2009). That is, "a person may testify as a lay witness only if his opinions or inferences do not require any specialized knowledge and could be reached by any ordinary person." *Doddy v. Oxy USA*, Inc., 101 F.3d 448, 460 (5th Cir. 1996) (citing *Brady v. Chemical Constr. Corp.*, 740 F.2d 195, 200 (2d Cir.1984)).

### 2. *Application*

Here, the Court agrees with E.Z. Aces insofar as Mr. Riley's May 3, 2021 letter shows that he lacks personal knowledge of the events underlying the suit, which is required as a fact witness under Federal Rule of Evidence 602. Because of this, any evidence Mr. Riley could present at trial would be expert testimony and fall under Federal Rule of Evidence 702. For Mr. Riley to provide Rule 702 testimony, including his opinions, Rule 26 compliance is required, and in accordance with the Court's Pre-trial Order (Doc. 11),

> Defendant shall furnish to plaintiff the names and written reports of any physician or other expert witness defendant intends to call no later than August 24, 2022. **No supplemental reports or additional expert witnesses will be permitted outside of these deadlines without leave of court upon a showing of good cause.**

Mr. Riley's May 3, 2021 letter does not provide adequate notice of Mr. Riley's opinions and areas of expertise to E.Z. Aces within the Court's deadlines stated in the Court's Pre-trial Order (Doc. 11). Furthermore, the subject letter of Mr. Riley states that Forcon International, for whom Mr. Riley works, has been "Providing Forensic Consulting and Expert Witness Services since 1984." Doc. 22-5. Accordingly, the Court will not permit Penn-America is circumvent Rule 702 by proffering an expert, Mr. Riley, in lay witness clothing. *See* FED. R. EVID. 701, Advisory Committee Notes to 2000 Amendments. Therefore, Penn-America's failure to comply with the Court's Pre-trial Order deadlines warrants Mr. Riley's exclusion. Accordingly, Mr. Riley is stricken.

### C. Ms. Mitchell

Ms. Mitchell holds an MBA, with a concentration in accounting, from Montclair State University. Doc. 22-4. She is an expert in economic damages analyses, forensic accounting, litigation support, and insurance allocation models for class action damages related to products liability and environmental claims. *Id.* E.Z. Aces argues that Ms. Mitchell's calculations in her report are incorrect and unreliable, thus should be excluded. Doc. 22-1. Penn-America counters that E.Z. Aces incorrectly maintains that Ms. Mitchell's opinions are unreliable. Doc. 31. The Court finds that Ms. Mitchell's expected testimony will merely offer a difference of opinion. Docs. 24-4, 22-4. Consequently, the Court determines that Ms. Mitchell can testify because this is an area of cross-examination for the plaintiffs. *See Scordill*, 2003 WL 22427981, at *3.

## IV. **CONCLUSION**

For the aforesaid reasons, **IT IS ORDERED** that Plaintiff's Motion in Limine to Exclude and/or Limit the Testimony of Defendant's Designated Experts (Doc. 22) be **GRANTED IN PART** and **DENIED IN PART.**

**THUS DONE AND SIGNED** in Chambers on the 28th day of November, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**